SIMIS v. WISSEL et al.

(Supreme Court, Appellate Division, Second Department. November 20, 1896.)

STATUTE OF FRAUDS—WAIVER.

The statute of frauds is waived when it is not pleaded, and no objection is raised on the trial to oral proof of an agreement; and a motion, at the close of plaintiff's testimony, to amend the answer by pleading the statute, is properly denied.

Appeal from trial term, Kings county.

Action by Adolph Simis, Jr., against Andrew Wissel and Edmund Wilson, to recover $4,300 for breach of contract. From a judgment entered on a verdict in favor of plaintiff for $1,700, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

S. S. Whitehouse, for appellants.

Edward M. Grout, for respondent.

BROWN, P. J. This action was brought in December, 1892, to recover a sum which, it was alleged, the defendants had agreed to

pay the plaintiff for legal services to be rendered during the years 1892 and 1893, and also to recover for the breach of an alleged contract of employment for the term of five years. The plaintiff testified that prior to January, 1892, the defendants were contractors with the city of Brooklyn for the removal of dead animals and offal. In December, 1891, such contract was about expiring, and the defendants, desiring to procure an agreement more favorable to them than the prior one, agreed with the plaintiff that, if he would aid them in procuring such a contract, and render to them all the necessary legal services during the term thereof, they would pay him the sum of $1,000 per year during the life of the contract. This agreement was not in writing, but was entirely oral.

We are of the opinion that the agreement was within the statute of frauds. While it is true that, in the form in which the plaintiff alleged it and testified to it, it was not an agreement which by its terms was not to be performed within one year, it clearly appears from the testimony that such was its character. By the charter of the city of Brooklyn (chapter 583, tit. 12, § 7, Laws 1888) such a contract as was made with the defendants was authorized for a term not to exceed five years. The contract which, in December, 1891, was about expiring, had been for that period, and the city had advertised for bids for a new contract. The defendant Wissel testified that the advertisement called for bids to do the work for five years from January 1, 1892. The defendants made separate bids in response to the advertisement, and both were prepared for them by the plaintiff. The plaintiff testified that he prepared a bid for Mr. Wissel "to do the work for five years from January 1, 1892," and that he also "prepared a bid for Mr. Wilson about the same time." He further testified that his conversation with the defendant Wissel, in December, 1891, at which the contract sued upon was made, was "in reference to the contract for the ensuing five years." After the bid was accepted, a form of contract was prepared by the plaintiff for a term of five years, and the one finally executed was expressed to be for the years 1892 to 1896, inclusive. This testimony permits of no conclusion except that the contract sued upon was for the period of five years. In order to fall within the statute, it was not essential that it should have expressed numerically the number of years during which it was to run. If it expressed a period that was, by a reference to any other fact, made definite and certain, such fact, to which reference was so made, became incorporated into the agreement, and a part thereof. When, therefore, the parties made an agreement which by its terms was to be performed during the life of the contract between the defendants and the city, it became by its terms an agreement for the period of five years, with precisely the same force as if that term had been written into it. The statute of frauds was, however, not pleaded as a defense, and no objection was taken to the proof of the agreement by oral testimony; and under these circumstances the defense that the contract was void could not be made available at the trial. Crane v. Powell, 139 N. Y. 379, 34 N. E. 911.

The motion to dismiss the complaint, made by the defendants at the close of the plaintiff's testimony, presented the question whether there was any evidence tending to show that a contract was made, but nothing else. Crane v. Powell, 139 N. Y. 384, 34 N. E. 912. Upon the denial of the motion to dismiss the complaint, defendants moved to amend their answer by pleading that the contract was void by the statute of frauds, and to the denial of this motion the defendants excepted. We are of the opinion that the ruling of the court upon this motion was proper. The defendants must have known of this defense when their answer was prepared. They knew, of course, that the contract that they had with the city was for five years, and they must have known that an agreement with the plaintiff for the life of that contract was also for the term of five years. Although they had not pleaded the statute, it was still possible for them to have raised the question on the trial that the contract was void, by objecting to the oral testimony given to establish it. But, when they failed to object to that testimony, and permitted the plaintiff to prove his agreement by oral evidence, we think they waived the provisions of the statute, and that the court properly denied the motion to amend the answer. It is also doubtful whether the court had power, under section 723 of the Civil Code, to grant the motion, as to have done so would have changed substantially the defense.

The judgment and order must be affirmed, with costs. All concur.