Scileppi, J.
In this action plaintiff Morris Cohon & Company seeks to recover the sum of $27,800 as the ‘ ‘ fair and reasonable value ’ ’ of services which it claims to have rendered as a broker or finder in connection with the sale by the defendant Sidney A. Russell of his 50% stock interest in Russell and Russell, Inc. The Supreme Court, New York County (Mabkewich, J.), denied defendant’s motion for summary judgment to dismiss the amended complaint. On appeal the Appellate Division, First Department, unanimously reversed and granted the motion on the ground that plaintiff’s action is barred by the Statute of Frauds.
The applicable statute is section 5-701 of the General Obligations Law which now reads as follows:
“ Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in Avriting, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:
* * *
‘ ‘ 10. Is a contract to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing of any real estate or interest therein, or of a business opportunity, business, its good will, *572 inventory, fixtures or an interest therein, including a majority of the voting stock interest in a corporation and including the. creating of a partnership interest. ‘ Negotiating ’ includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction. This provision shall apply to a contract implied in fact or in law to pay reasonable compensation but shall not apply to a contract to pay compensation to an auctioneer, an attorney at law, or a duly licensed real estate broker or real estate salesman.”
The statute was amended, effective September 27, 1964, to add the matter in italics. The legislative intent is clearly stated in the statutory note accompanying the amendment: “ Its purpose is to make clear that the contracts required to be evidenced by writing include a contract or agreement for the compensation of a business broker for acting as a ‘ finder,’ ‘ originator ’ or ‘ introducer,’ or for assisting in the negotiation or consummation of the transaction, and that the requirement cannot be avoided by an action for compensation in quantum meruit.”
In Minichiello v. Royal Business Funds Corp. (18 N Y 2d 521) a business broker %oho had no written memorandum of his alleged contract with the defendants brought an action in quantum meruit. After reviewing the legislative history surrounding the enactment of section 5-701 (subd. 10) of the General Obligations Law and its predecessor, section 31 (subd. 10) of the Personal Property Law, and the recommendations made by the Law Revision Commission with respect to each enactment, this court concluded that both statutes preclude any recovery in quantum meruit.
In the instant case, the plaintiff does rely upon a written memorandum and, therefore, Minichiello is inapplicable because that case is limited to situations in which there is a complete absence of any memorandum. Indeed, the statute itself provides that: ‘ ‘ This provision shall apply to a contract implied in fact or in law to pay reasonable compensation ” (General Obligations Law, § 5-701). Thus, as the Appellate Division noted, if the memorandum is otherwise sufficient ‘ ‘ The obligation of the defendant to pay reasonable compensation for the specified services would then be implied without the necessity of resort to parol evidence,” (29 A D 2d 221, 224.)
*573 The particular writing upon which plaintiff relies is a clause in the contract of sale dated August 31, 1965 by and between Atheneum House, Inc., as buyer, and three named individuals —Sidney A. Bussell, the defendant and Harry Magdoff and his wife — as sellers. The clause in question reads as follows: ‘1 The sellers represent and warrant that they have dealt with no person or persons other than Morris Cohon & Co. as broker or finder in connection with the transactions in this agreement, and that all negotiations relative to this agreement have been carried on by them without the intervention of any other broker or finder, and the Sellers agree to indemnify Buyer and the Company and hold them harmless against and in respect of any claim for brokerage or finder’s commission relative to this agreement whether by said Morris Cohon & Co. or otherwise ’ ’.
The plaintiff further contends that a certain letter and affidavit, both prepared by Harry Magdoff after the commencement of this action and delivered by him to plaintiff, are writings subscribed by a lawful agent of the defendant which contain all of the terms required to sustain a recovery in quantum meruit. The substance of the affidavit and letter is to the effect that Magdoff procured the services of plaintiff as broker for himself and defendant only after defendant specifically authorized him to act on his behalf.
For a memorandum signed by an agent to be sufficient to satisfy the requirements of the Statute of Frauds, the agent must have capacity to act as such and authority to sign. In other words, the agency required is one to sign the note or memorandum on behalf of the party to be charged (see 37 C.J.S., Frauds, Statute of, § 210; 49 Am. Jur., Statute of Frauds, § 399). As the Appellate Division correctly noted (29 A D 2d 221, 226): “ The plaintiff presents nothing in support of its contention that Magdoff was acting as agent of the defendant when he signed the letter or affidavit. These writings do not purport to have been signed on behalf of defendant or in his interest. Bather, the letter was written and the affidavit made for the purpose of imposing upon defendant an obligation which he was seeking to avoid. Under the circumstances, we conclude that as a matter of law Magdoff may not be considered as defendant’s £ lawful agent ’ in his subscription of the letter *574 or affidavit. (See, further, Wilson v. Lewiston Mill Co., 150 N. Y. 314, 325; Reed v. Latham, 40 Conn. 452.) ”
The sole question to be resolved then is whether the clause contained in the contract of sale signed by the defendant is sufficient to meet the requirements of the Statute of Frauds. More specifically, within the context of this case, the question is: Do the particular provisions in the contract of sale signed by the defendant include by reasonable construction and necessary implication a promise to pay compensation for the services alleged to have been rendered?
Answering this question in the negative, the Appellate Division stated (29 A D 2d 221, 225-226): “ Here, clearly, the relied upon paragraph in the contract of sale does not meet the test. The provisions purport to be a representation or warranty by the sellers, including the defendant, running to and for the protection of the purchaser of the stock. The words merely negate the existence of an obligation to any broker or finder other than the plaintiff; they do not in any sense constitute an admission that an obligation to plaintiff actually existed # # #. qijjg provisions may not be supplemented by parol evidence for the purpose of establishing a binding agreement and, therefore, they fail to furnish the necessary support for plaintiff’s cause of action.”
In light of the basic purpose of the Statute of Frauds, the Appellate Division’s view of the memorandum herein was too narrow.
The Statute of Frauds was designed to guard against the peril of perjury; to prevent the enforcement of unfounded fraudulent claims. But, as Professor Williston observed: “ The Statute of Frauds was not enacted to afford persons a means of evading just obligations; nor was it intended to supply a cloak of immunity to hedging litigants lacking integrity; nor was it adopted to enable defendants to interpose the Statute as a bar to a contract fairly, and admittedly, made ” (4 Williston, Contracts [3d ed.], § 567A, pp. 19-20).
In the instant case, the peril of perjury is largely, if not entirely, absent. The writing relied upon by plaintiff identifies the parties to the contract, the subject matter of the contract and establishes that plaintiff in fact performed. By every reasonable construction of the writing, Morris Cohon & Co. *575 negotiated the transaction ‘1 without the intervention of any other broker or finder” (emphasis added). Standing alone, the contract clause constitutes an admission by the defendant that plaintiff performed services and that an obligation to plaintiff actually existed.
The defendant, as one of the sellers, states in the clause that he dealt with “no person * * * other than Morris Cohon & Co. as broker or finder in connection with the transaction in this agreement ”. Although couched in the negative, this statement is in fact an affirmation that defendant dealt only with Morris Cohon & Co. as broker or finder. The clause next recites that ‘ ‘ all negotiations * * * have been carried on by them without the intervention of any other broker or finder ” (emphasis added). This statement is a direct admission that Morris Cohon & Co. in fact rendered services in connection with the sale of stock. Finally, the clause ends with the statement that the sellers agree to indemnify the buyer “ against and in respect of any claim for brokerage or finder’s commission * * * whether by said Morris Cohon & Co. or otherwise
The Appellate Division was of the opinion that this last statement merely negates the existence of an obligation to any broker or finder other than plaintiff. In our opinion, however, especially when the clause is read as a whole, and by reasonable construction and necessary implication, the language used establishes that defendant indeed was obligated to pay plaintiff for his services. Manifestly, the memorandum herein is sufficient to meet the requirements of the Statute of Frauds.
We specifically note that in reaching this conclusion we do no violence to the well-established rule that in a contract action a memorandum sufficient to meet the requirements of the Statute of Frauds must contain expressly or by reasonable implication all the material terms of the agreement, including the rate of compensation if there has been agreement on that matter (Poel v. Brunswick-Balke-Collender Co., 216 N. Y. 310, 314; Friedman & Co. v. Newman, 255 N. Y. 340; Restatement, 2d, Contracts, § 207 [Tent. Draft No. 4, 1968]). In an action in quantum meruit, however, for the reasonable value of brokerage services, if it does not appear that there has been an agreement on the rate of compensation, a sufficient memorandum need only evidence the fact of plaintiff’s employment by defendant to render *576 the alleged services. The obligation of the defendant to pay reasonable compensation for the services is then implied. Indeed, as noted earlier, the statute itself provides that “ This provision shall apply to a contract implied in fact or in law to pay reasonable compensation ” (General Obligations Law, § 5-701).
Thus, in our opinion, the memorandum herein is sufficient to support a claim for compensation in quantum meruit. It identifies the buyer, it identifies the defendant as one of the sellers, it establishes the fact of plaintiff’s employment, it identifies the plaintiff as the broker, it establishes the subject matter of the transaction and, most important, it acknowledges performance by the plaintiff in bringing about the sale of defendant’s stock.
Accordingly, the order appealed from should be reversed.