**Barry PETERS and Robert C. Patent,
d/b/a partners under the name and
style "Peters & Co.," Plaintiffs,**

v.

**SIGMA DATA COMPUTING CORP.,
Defendant.**

**No. 73 C 538.**

United States District Court,
E. D. New York.

July 18, 1975.

Weiss, Rosenthal, Heller & Schwartzman, New York City, for plaintiffs.

Surowitz & Ruskin, New York City, for defendant.

### MEMORANDUM AND ORDER

PLATT, District Judge.

Defendant, Sigma Data Computing Corp., ("Sigma Data") moves, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, for summary judgment on the ground that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law.

In an affidavit filed in support of such motion defendant's attorney argues

that the claim set forth in plaintiffs' amended complaint is barred by the statute of frauds; that all plaintiffs' efforts were done pursuant to a written contract between the parties and not in connection with any promise implied in law; and plaintiffs had actual notice that alleged oral promises to pay expenses were beyond the scope of the authority of defendant's president.

This is the second motion by the defendant for summary judgment in this action; the first was addressed to plaintiffs original complaint which was based on a written agreement providing for a finders fee to plaintiffs, partners in Peters & Co., for obtaining specified financing for the defendant.

In a Memorandum and Order dated December 18, 1973, this Court (Judd, D. J.) granted defendant's first motion on the ground that the proposal submitted by the plaintiffs did not constitute a reasonable performance of the written agreement between the parties and hence the plaintiffs were not entitled to recover thereunder. Judge Judd held further, however, that

"3. *Alternate Basis of Recovery*

While defendant has set forth a valid defense to the cause of action alleged in the complaint, the plaintiffs' affidavit suggests a different cause of action, in the nature of *quantum meruit*. If defendant encouraged plaintiffs to proceed with a financing plan which was not in conformity with the written agreement, and at one time accepted the plan, as asserted by plaintiffs, there may be an obligation from defendant to the plaintiffs, although not necessarily on the terms specified in the written agreement.

While the Federal Rules have gone far toward permitting 'notice pleading,' orderly conduct of litigation is aided by a reasonable conformity between the complaint and the issues to be tried. If plaintiffs believe they have a cause of action different from that now pleaded, they should set it forth with particularity.

It is ORDERED that defendant's motion for summary judgment be granted, with leave to plaintiffs to serve an amended complaint within thirty days after the date of this Memorandum and Order, the entry of judgment to be deferred pending service of such an amended complaint."

Pursuant to the latter portion of Judge Judd's Memorandum and Order, the plaintiffs filed an Amended Complaint in which they cite, rely on and describe the written agreement dated September 29, 1972 between the parties and allege further that defendant encouraged the plaintiff Peters to expend money and efforts to obtain financing for defendant; that Peters expended substantial sums of moneys and efforts therefor; that Peters succeeded in arranging with Tavco and other investors for financing for defendant; that defendant was well aware of the terms of such proposed financing, assented thereto and encouraged Peters to pursue the same; that such proposed financing was not consummated solely due to the fault of defendant who refused to negotiate in good faith, refused to reconsider reasonable suggestions and proposals and, through other acts of omission and commission, destroyed the prospective financing with Tavco, and that the fair and reasonable value of the services rendered by the plaintiff Peters for defendant and of money expended by him for defendant is $50,000.

Defendant claims that the New York General Obligations Law, McKinney's Consol.Laws c. 24–A, Section 5–701, subd. 10 (the Statute of Frauds) is an absolute bar to plaintiffs' claim and cites various New York cases including *Minichiello v. Royal Business Funds Corp.*, 18 N.Y.2d 521, 277 N.Y.S. 2d 268, 223 N.E.2d 793 (1966), in support of such position. The aforesaid section of the New York General Obliga-

tions Law provides in pertinent part as follows:

"TITLE 7. REQUIREMENTS OF WRITING, EXECUTION OR ACKNOWLEDGMENT FOR EFFECTIVENESS OR ENFORCEABILITY

"§ 5–701. Agreements required to be in writing.

"Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:

\* \* \* \* \* \*

"10. Is a contract to pay compensation for services rendered in negotiating a loan, or in negotiating \* \* \* a business opportunity, \* \* \* 'Negotiating' includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction. This provision shall apply to a contract implied in fact or in law to pay reasonable compensation \* \* \*"

Defendant, however, overlooks or deliberately ignores a more recent New York Court of Appeals case of *Cohon & Co. v. Russell*, 23 N.Y.2d 569, 297 N.Y. S.2d 947, 245 N.E.2d 712 (1969), which holds the *Minichiello* case was "inapplicable [to the facts in *Cohon*] because that case is limited to situations in which there is a complete absence of any memorandum." In the *Cohon* case the writing upon which plaintiff relied was a clause in the contract of sale between the parties which reads as follows:

"The sellers represent and warrant that they have dealt with no person or persons other than Morris Cohon & Co. as broker or finder in connection with the transactions in this agreement, and that all negotiations relative to this agreement have been carried on by them without the intervention of any other broker or finder, and the Sellers agree to indemnify

Buyer and the Company and hold them harmless against and in respect of any claim for brokerage or finder's commission relative to this agreement whether by said Morris Cohon & Co. or otherwise".

In holding that such memorandum was sufficient to support a claim for compensation in *quantum meruit* by Cohon & Co. against the sellers, the Court of Appeals made the following pertinent comments (23 N.Y.2d at page 574, 297 N.Y.S.2d at page 952, 245 N.E.2d at page 715):

"The Statute of Frauds was designed to guard against the peril of perjury; to prevent the enforcement of unfounded fraudulent claims. But, as Professor Williston observed: 'The Statute of Frauds was not enacted to afford persons a means of evading just obligations; nor was it intended to supply a cloak of immunity to hedging litigants lacking integrity; nor was it adopted to enable defendants to interpose the Statute as a bar to a contract fairly, and admittedly, made' (4 Williston, Contracts [3d ed.], § 567A, pp. 19–20).

\* \* \* \* \* \*

"We specifically note that in reaching this conclusion we do no violence to the well-established rule that in a contract action a memorandum sufficient to meet the requirements of the Statute of Frauds must contain expressly or by reasonable implication all the material terms of the agreement, including the rate of compensation if there has been agreement on that matter (*Poel v. Brunswick-Balke-Collender Co.*, 216 N.Y. 310, 314, 110 N.E. 619, 620; *Friedman & Co. v. Newman*, 255 N.Y. 340, 174 N. E. 703, 73 A.L.R. 95; Restatement, 2d, Contracts, § 207 [Tent. Draft No. 4, 1968]). In an action in *quantum meruit*, however, for the reasonable value of brokerage services, if it does not appear that there has been an agreement on the rate of compensation, a sufficient memorandum need

only evidence the fact of plaintiff's employment by defendant to render the alleged services. The obligation of the defendant to pay reasonable compensation for the services is then implied. Indeed, as noted earlier, the statute itself provides that 'This provision shall apply to a contract implied in fact or in law to pay reasonable compensation' (General Obligations Law, § 5–701).

"Thus, in our opinion, the memorandum herein is sufficient to support a claim for compensation in *quantum meruit*. It identifies the buyer, it identifies the defendant as one of the sellers, it establishes the fact of plaintiff's employment, it identifies the plaintiff as the broker, it establishes the subject matter of the transaction and, most important, it acknowledges performance by the plaintiff in bringing about the sale of defendant's stock."

Similarly, in the case at bar, the letter agreement dated September 29, 1972, identifies the seller, it establishes the fact of plaintiffs' employment and it identifies the plaintiff as the "exclusive" finder. Moreover, the parties have agreed that "within 120 days, plaintiffs submitted to the defendant a written unsigned (Tavco) plan of proposed loan financing."

The sole questions left for determination are (i) whether the defendant either urged the plaintiffs, in the event the form of financing outlined in the letter agreement was unavailable, to negotiate with potential investors for the best possible alternative form of financing, and (ii) whether the defendant initially accepted the Tavco proposal and thereafter rejected the same, i. e., whether the defendant frustrated the deal.

With respect to such issues, the plaintiff points to the third paragraph of the letter agreement dated September 29, 1972 which provides as follows:

"It is also understood that the proposed financing is subject to the conditions of the market environment as determined by such 'institutional' investors to whom the financing proposal shall be presented. Thus, the final terms of the financing may vary from those described above and will therefore be subject to negotiation and final acceptance by the Company."

Such issues must be resolved at a plenary trial herein and if the plaintiffs sustain their burden thereon then, of course, there will be for determination the question of the value of plaintiffs' services and expenses on a *quantum meruit* basis.

Under such circumstances, defendant's motion for summary judgment must be denied.

So ordered.