■ WILLIAM F. GOODMAN, Appellant, v VIZSLA CLUB OF AMERICA, INC., Respondent.—In an action to recover damages for personal injuries due to defendant's alleged negligence and breach of warranty, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered July 31, 1978, which is in favor of the defendant, upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. 1. Plaintiff, the owner of a Vizsla hunting dog which he had entered in a field trial conducted by defendant, was injured immediately after he mounted a horse which was among those supplied by defendant for the professional handlers of the entrant dogs, and for others who had previously reserved a horse for their use. The facts were disputed as to whether the owner of a dog could properly make use of one of these horses where the professional handler used his own horse and the owner did not reserve a horse for himself. However, the record shows that defendant may have been aware that on some occasions persons other than professional handlers, including owners of the entrant dogs, had ridden such horses, and that defendant did know that this particular horse was dangerous. The trial court's charge to the jury included the statement that if plaintiff "did not have the right or inferred right to mount the horse, then you stop right there and you bring in a verdict for the defendant." This was error since, in effect, it imported into the right to use personal property the obsolete pre-*Basso v Miller* (40 NY2d 233) rule that it was the status of the user of the property (i.e., invitee, licensee or trespasser) that determined the standard of care owed to him. Such rule, itself outmoded in this State since 1976, applied to the use of real property (see *Basso v Miller, supra,* p 240), never to personal property. The true test as stated in *Palsgraf v Long Is. R. R. Co.* (248 NY 339, 344) is that of "The risk reasonably to be perceived", the "risk to another or to others within the range of apprehension". The stated charge permitted such inquiry only if the jury made a threshold finding which the jury was not required to make. 2. The horse mounted by plaintiff had reared on the first day of the meet, as a result of which defendant's representative had segregated it from the other horses supplied by it. However, on the second day the horse, although somewhat separated from the other horses, was permitted to be saddled and bridled with no indication that it was not to be mounted. Under such facts it was error to permit defendant's witnesses to testify (and to permit comment by defendant's counsel in his summation) as to the general risks of mounting an unknown horse, since the defense of assumption of risk does not apply where there is a particular unsafe condition of which the owner has knowledge but of which the plaintiff knows nought (see *Barrett v Lake Ontario Beach Improvement Co.,* 174 NY 310; *Kulaga v State of New York,* 37 AD2d 58; *Schmidt v State of New York,* 198 Misc 802). 3. The sole defendant is the Vizsla Club of America (VCOA), which had procured the horses for the meet from their owner, one George Smith. Although the court stated that plaintiff had the right to sue VCOA alone, it permitted defendant's counsel (over objection), (a) to introduce testimony of plaintiff's prelitigation statement that he intended to sue Mr. Smith as well as VCOA, on the ground that this was an admission, and (b) to state in his summation: "Just as sure as I am standing here [plaintiff] stood up there and said, 'Members of the Vizsla Club of

America, I am going to sue you and George Smith.' That should give you some indication as to whom *[sic]* he thinks is responsible." Clearly, the statement was not admissible as an admission exception to the hearsay rule since it was not inconsistent with plaintiff's position at trial (see Richardson, Evidence [Prince, 10th ed], § 209). Plaintiff's prelitigation speculations as to whom he might sue have no relevance to, and are not inconsistent with, the liability of the defendant actually sued. An entirely irrelevant fact was thrust upon the jury's attention. We cannot, with any degree of certainty, rule out the possibility that some jurors may have found for the defendant because they believed plaintiff should have sued the owner of the horse, without regard to the issue of whether defendant was independently responsible for not completely segregating a dangerous horse or by otherwise indicating that it was not to be mounted. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.