OPINION OF THE COURT
David B. Saxe, J.
The principal issue that I must resolve in this case is the following: May a real estate broker’s summary judgment motion for earned commissions resulting from its efforts in procuring a purchaser for defendants’ co-operative apartment be defeated by allegations by the defendants sellers that they did not receive an adequate price. This issue assumes unusual importance in New York City’s volatile co-operative housing market.
The essential facts are these: defendant Mary Roberts, for herself and her husband Keith Roberts (also a defendant), executed an exclusive brokerage agreement with the plaintiff on July 22, 1981. By the terms of the agreement, the plaintiff was granted the exclusive right to procure a purchaser for the shares of stock and proprietary lease allocable to their apartment, No. 21S at premises 15 West 72nd Street, New York, New York (the Mayfair Towers). The agreement provided for a brokerage fee in the sum of 5% of the purchase price which was to be paid at the *361 closing. The broker procured a buyer who was not only ready, willing and able to purchase the co-op apartment but who in fact did purchase — at a price of $170,000. The defendants now claim that the broker “undersold” their apartment; that it was worth $250,000 instead of $170,000 and that the plaintiff was a “faithless” broker in forcing the defendants to sell at that price and accordingly, should be denied its commission. The defendants have counterclaimed for $80,000, representing the difference in the price they received ($170,000) and that which they claim they should have received if the broker had not deceived them ($250,000).
It is incumbent upon the moving party on a motion for summary judgment to set forth sufficient evidentiary facts to establish his right to a judgment as a matter of law. (Capelin Assoc, v Globe Mfg. Corp., 34 NY2d 338.) A grant of summary judgment indicates that the court has found that there are no substantial factual issues in the case and therefore no necessity for a trial. (Siegel, New York Practice, § 278.) The opposing side must set forth sufficient facts to warrant a trial in order to defeat the motion. (Zuckerman v City of New York, 49 NY2d 557; Siegel, New York Practice, § 281.)
It is said that a broker’s right to a commission vests when he produces a buyer ready, willing and able to perform at the terms offered or specified by the contract. (See 11 NY Jur 2d, Brokers, § 112; Sibbald v Bethlehem Iron Co., 83 NY 378.) That the broker clearly did.
It is also true that the faithful discharge of his duties is a condition precedent to any recovery upon the part of a broker for the services he has rendered his principal. {Supra, at p 384.) A faithless broker who disobeys the instructions of his principal is precluded from recovering compensation for his services. {Supra.) The contract specified no price at which the broker was obligated to sell the co-op apartment. The broker’s only obligation was to sell the apartment at a price acceptable to the seller.
The plaintiff’s motion for summary judgment invites the defendants to “lay bare [their] proof”. (Siegel, New York Practice, § 281.) That being so, it can be safely said that their opposition is barren, containing conclusory allega *362 tions regarding the value of the co-op apartment that they sold, and a hearsay reference of a neighbor who was apparently aghast that an apartment such as that occupied by the defendants would sell for less than $250,000. Finally, the defendant, Mary Roberts, blithely informs the court that “three relevant sales of comparable units” (apartments 9D, 6P and 8P) were made for approximately $250,000. There is no factual demonstration in her affidavit that these apartments were indeed comparable. Even if the apartments were identical however, the fact that different prices were obtained at almost the same time, does not indicate bad faith on the part of the broker. If the broker has adequately represented his client, the purchaser must pay his commission even if another seller in the same building is fortunate enough to command a higher price in the marketplace.
The defendants’ second contention is that the plaintiff’s action for commissions is barred by the Statute of Frauds (General Obligations Law, § 5-703) as to defendant Keith Roberts because he did not sign the brokerage agreement. (See, also, Wolf v Wohl, 103 Misc 2d 1044 [App Term, 2d Dept].) I reject this argument. It is a sham defense. (Cohen & Co. v Russell, 23 NY2d 569.) I hold that the execution by both defendants of the contract of sale for their co-op apartment was a writing sufficient to satisfy the requirements of the Statute of Frauds. (See Great Destinations v Transportes Aereos Portugueses S.A.R.L., 460 F Supp 1160.) Paragraph 14 of the contract specifically states: “Purchaser represents to Seller that Purchaser has not dealt with any brokers in connection with this transaction other than L&S Real Estate Associates, 243 West 72nd Street, New York, N.Y. 10023 and seller agrees to pay said broker a commission.” Accordingly, I hold that the Statute of Frauds is not a valid defense to this action by the defendant Keith Roberts.
Since there are no triable issues of fact to be resolved, the plaintiff is entitled to summary judgment in the sum of $8,500, plus interest calculated from October 2, 1981 and costs.