■ MICHAEL P. CONROY, Appellant, v DIGITAL STORAGE INCORPORATED, Respondent.—Order unanimously reversed on the law with costs and motion denied. Memorandum: Defendant, an Ohio close corporation, hired plaintiff as a financial consultant in February or March of 1989. At that time, plaintiff was given an option to purchase 20% of the outstanding stock of defendant for $50,000, the option to be exercised on or before December 31, 1989. Plaintiff alleges that in June of 1989 the holders of 70% or more of the stock of defendant modified the initial option agreement by orally agreeing to transfer the 20% interest on October 1, 1989, in exchange for certain consulting services and for plaintiff's agreement to a reduction in compensation, effective October 1, 1989. A few months following the alleged June modification, Clancy Malone, an officer, director and shareholder of defendant, signed a memorandum confirming the making of the agreement and setting forth its terms. Plaintiff did not receive his stock interest and his services were terminated in November of 1989. He commenced this action for specific performance of the modified stock transfer agreement and breach of his employment contract. Following joinder of issue, defendant moved for summary judgment upon the ground that the memorandum signed by Malone did not satisfy the Statute of Frauds. Supreme Court erred in granting that motion.

The relevant statute applicable to the sale of securities is Uniform Commercial Code § 8-319. Subdivision (a) of that section provides that a contract for the sale of securities is unenforceable unless "there is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price." Defendant contends that the Malone memorandum fails to satisfy the statute because, by reason of a close corporation agreement, Malone had no authority, absent the approval of the holders of 70% of defendant's stock, to enter into a contract for the transfer of stock to plaintiff and because the past performance of consulting services is not adequate consideration absent a writing. Neither contention has merit. There is no dispute that an agreement to transfer stock in defendant corporation requires the approval of the holders of 70% of defendant's stock. Plaintiff alleges, however, that the holders of 70% of the stock, Langdale and Malone, agreed to the June modification. The pertinent question is not whether Malone could agree to the transfer; the question is whether Malone was authorized to sign the memorandum (see, Cohon & Co. v Russell, 23 NY2d 569, 573). A factual issue precludes summary determination of that question. Defendant, in moving for summary judgment, failed to demonstrate whether its articles of incorporation, shareholder regulations or directors have authorized Malone to sign documents on behalf of the corporation pursuant to Ohio law (see, Ohio Rev Code Annot § 1701.04 [B] [1]; §§ 1701.11, 1701.64 [B] [1]). Defendant, therefore, failed to sustain its burden of negating the existence of a factual issue.

Defendant's contention that past services are inadequate consideration is without merit. Plaintiff alleges that he agreed to accept a prospective reduction in salary as partial consideration for the stock transfer. Moreover, if Malone had the authority to sign the memorandum, that writing would satisfy New York's statutory law on past consideration (see, General Obligations Law § 5-1105). (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Dismiss Cause of Action.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.