■ ANTHONY J. FARINA, Respondent, v HUGH NASTASI et al., Defendants, and LEWIS BRENNER, Appellant.—In an action to recover a brokerage commission, the defendant Lewis Brenner appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), entered July 19, 1989, which, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $59,780.

Ordered that the judgment is affirmed, with costs.

The appellant contends, *inter alia,* that the jury verdict is both unsupported by legally sufficient evidence and against the weight of the credible evidence. We disagree.

The appellant does not contest that plaintiff broker earned a commission but claims that it was not he, but rather the purchaser who agreed to pay for the successful negotiation of the sale of the appellant's business. Although it constitutes evidence that a brokerage agreement was made and performed *(see, Cohon & Co. v Russell,* 23 NY2d 569; *see also, Crabtree v Arden Sales Corp.,* 305 NY 48), the "hold harmless" clause in the contract of the sale whereby the purchaser agreed to indemnify the appellant for payment of the commission is not dispositive of the issue of who is obligated to pay the commission. The testimony at trial establishes that, as between the plaintiff and the appellant, the latter owed a duty to the former to pay the commission. Since it cannot be said that no valid line of reasoning could lead to the conclusion that the appellant agreed to pay the plaintiff's commission *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499; *cf., Cohon & Co. v Russell, supra)* and since a "fair interpretation of the evidence" *(Nicastro v Park,* 113 AD2d 129, 136), supports the verdict in the plaintiff's favor, the verdict was both supported by legally sufficient evidence and was not against the weight of the evidence.

The appellant's contention that the Supreme Court should have granted his oral application, made after the plaintiff rested, to amend his answer so as to include the Statute of Frauds as an affirmative defense, is without merit *(cf., Cohon & Co. v Russell, supra; see,* CPLR 3018 [b]; *cf.,* CPLR 3211 [a] [5], [8]; *see also, Simis v Wissel,* 10 App Div 323). Further, the court did not err in refusing to admit into evidence two letters which were written by the plaintiff's attorney to the appellant's attorney prior to the commencement of this suit. A plaintiff's prelitigation speculations as to whom he might sue

have no relevance to and are not inconsistent with the liability of the defendant who is actually sued *(see, Goodman v Vizsla Club,* 73 AD2d 637, 638).

The appellant's remaining contentions are either unpreserved for appellate review *(see,* CPLR 5501 [3]) or do not warrant reversal. Kooper, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.