Kaye, J.
(dissenting). Reading any restriction on the creation of Totten trusts into decedent’s agreement to leave her will unchanged would, according to the majority, constitute "a significant judicial alteration and addition to the settlement agreement of the parties. ” (Majority opn, at 739-740.) That conclusion, however, ignores the testamentary nature of Totten trusts, and contravenes established principles of contract in *742 terpretation. I would affirm the Appellate Division order that precluded decedent’s use of Totten trusts to defeat her contractual agreement.
While the relevant facts are set out in the majority writing, several aspects of the case bear emphasis.
In December 1971, decedent entered into a written agreement, settling her claimed right of election against the estate of her late husband — decedent had been bequeathed $1 under the terms of her husband’s will. The stipulation noted that decedent was in the process of applying for an order relieving her default in filing a notice of election. Decedent agreed — in exchange for cash — to abandon her effort to resuscitate the untimely claim and to "leave intact and without change her Last Will and Testament dated December 1, 1969.” That will left the bulk of her estate to her son and daughter, or to her grandchildren per stirpes in the event her children predeceased her. The cash paid to decedent was drawn from the distributive shares of each of her children.
Decedent then proceeded to execute two wills in direct contravention of her stipulation — the first specifically disinheriting her children and the second simply ignoring them. As the majority notes, no one argues for the validity of those wills; they do, however, evidence decedent’s determination to subvert her undertaking under the settlement agreement.
What decedent could not do through the invalid wills she now accomplishes through a dozen or more Totten trusts.
Clearly, a person can enter into an enforceable agreement to make a particular testamentary disposition, including an agreement not to revoke a will (see, Oursler v Armstrong, 10 NY2d 385, 389; Rastetter v Hoenninger, 214 NY 66, 71). Moreover, it is well settled that "clear evidence of the existence of a promise of this nature” is required (Oursler v Armstrong, 10 NY2d, at 389, supra). The existence of such a promise, however, is not in issue — the stipulation could not be plainer on this point. Rather, the sole issue before us is whether a restriction on the ability to establish Totten trusts should be implied from the agreement.
Precedents in the joint/mutual wills line of cases, as well as ordinary principles of contract interpretation, dictate that such a restriction be implied in order to effectuate the terms of the settlement agreement.
The majority dismisses the settlement agreement as "not analogous to the joint and mutual will rules and policies.” *743 (Majority opn, at 741.) These rules and policies presumably include the "particularized promises, expectations and mutuality of benefits involved with joint and mutual wills.” (Id.) Those very purposes and policies, however, are also implicated by the terms of the settlement agreement, where decedent’s children gave consideration for her agreement that she not revoke her existing will.
Both the settlement agreement at issue in the present case and the agreements involved in the mutual will cases cited by the majority seek to achieve the same goal — contractual restriction of testamentary dispositions — and thus the same rules of construction should apply (see, e.g., Schwartz v Horn, 31 NY2d 275). As this Court stated in Rastetter v Hoenninger (214 NY 66, 74, supra), the "survivor could not after accepting the benefits of the agreement make a gift in the nature, or in lieu, of a testamentary disposition or to defeat the purpose of the agreement.” The Totten trust device employed by decedent is just such a gift in the nature of a testamentary disposition that frustrates the purpose of the settlement agreement.
As the majority notes, during the settlor’s lifetime the beneficiaries of a Totten trust have no present interest, only an expectancy interest, in the corpus of the trust; title to the funds vested "free and clear” upon the settlor’s death (majority opn, at 739; see generally, EPTL 7-5.2). Thus, in all its relevant characteristics, the Totten trust functions as a testamentary disposition: decedent retained full enjoyment of the assets during her lifetime, the remaining funds passing to the beneficiaries only upon her death. As this Court noted in Matter of Totten (179 NY 112, 124), there is a presumption in such a case that the "trust was intended in order to avoid the trouble of making a will.” Decedent here has indeed successfully avoided the trouble she would have encountered had she attempted this same disposition by will.
Implying a restriction on the use of Totten trusts which would otherwise serve to defeat the purpose of a settlement agreement is consistent with general principles of contract interpretation. As we have several times observed, the aim of contract interpretation is not simply mechanical application of the literal language of an agreement, but also consideration of what may reasonably be implied from that language in effectuating the parties’ purpose in entering the contract (see, e.g., Sutton v East Riv. Sav. Bank, 55 NY2d 550, 555; Matter of *744 Cromwell Towers Redevelopment Co. v City of Yonkers, 41 NY2d 1, 6). The purpose of the settlement agreement in the present case is utterly undermined if the Totten trust dispositions are allowed.
Finally, there is no Statute of Frauds problem in implying a restriction on the creation of Totten trusts. In order to satisfy the Statute of Frauds, a writing must contain "expressly or by reasonable implication all the material terms of the agreement.” (Cohan & Co. v Russell, 23 NY2d 569, 575.) As demonstrated, the bar on Totten trusts is reasonably implied in the express terms of this settlement agreement.
The Appellate Division thus was clearly correct in its conclusion that "where an agreement is entered not to modify an existing will, the decedent cannot use a Totten trust to defeat the purpose of that agreement.” (168 AD2d 590, 591.)
Chief Judge Wachtler and Judges Alexander and Titone concur with Judge Bellacosa; Judge Kaye dissents and votes to affirm in a separate opinion in which Judges Simons and Hancock, Jr., concur.
Order reversed, etc.