■ JOSEPH P. DAY REALTY CORP., Appellant-Respondent, v HUME PUBLISHING, INC., et al., Respondents-Appellants. (And Third-Party Actions.) [611 NYS2d 299] —In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of a judgment of the Supreme Court, Westchester County (Burchell, J.H.O.), entered March 11, 1992, as, after a nonjury trial, awarded it only $40,279 for electrical charges and failed to award any damages for increases in wage rates and property taxes. The defendants cross-appeal, as limited by their notice of appeal and brief, from so much of the same judgment as failed to dismiss the complaint.

Ordered that the judgment is reversed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as cross-appealed from, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

The plaintiff, a real property managing agent, brought this action on behalf of the owner of 16 School Street, Rye, New York, against the defendants to recover damages for breach of a lease.

We find no merit to the defendants' contention that the lease agreement violated the Statute of Frauds *(see,* General Obligations Law § 5-703 [1]). The agency agreement between the plaintiff and the owner clearly granted the plaintiff the authority, on behalf of the owner, to enter into lease agreements with prospective tenants. The defendants cannot now deny the existence of a lease that it signed with knowledge of an agency relationship *(see generally, Cohon & Co. v Russell,* 23 NY2d 569, 573; 4 Williston, Contracts § 567A, at 6 [3d ed 1957]).

Pursuant to the lease, the defendants agreed to be responsible for the performance of the lease in the event of a sublease. The defendants sublet the premises to a subtenant who vacated the premises, leaving the space unoccupied for the balance of the lease term.

The Supreme Court determined that the plaintiff had adequately proven the base rent that was owed and that the plaintiff had made genuine, albeit unsuccessful, efforts to mitigate its damages by attempting to relet the space. We agree with this determination.

The Supreme Court awarded the plaintiff only the minimum electric charges allowed by the lease and found that the plaintiff had failed to prove damages for additional electric charges and for increases in wage rates and property taxes. We disagree. The lease expressly provided for these three additional charges, and it provided a mechanism for their calculation and notice. Testimony adduced at trial established that, pursuant to the terms of the lease and while the defendants were in possession of the premises before they subleased it, the plaintiff had sent bills for the additional charges to the defendant, in accordance with the agreed-upon format and the notice provisions of the lease, and that the defendant had paid them as agreed. After the defendants subleased the premises, the plaintiff continued to send the bills for the additional charges to the defendants using the same mechanism and calculations. The defendants did not protest and merely told the plaintiff to redirect the bills to the subtenant. Under these circumstances, the defendant may not now disavow its obligation to pay these three additional charges for which the rental agreement provided. Accordingly, the judgment is reversed

insofar as appealed from, and the matter is remitted to the Supreme Court, Westchester County, for a determination of the proper amounts due pursuant to the escalation clauses of the lease. Thompson, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.