■ JOSEPH P. DAY REALTY CORP., Respondent, v HUME PUBLISHING, INC., et al., Appellants. (And a Third-Party Action.) [637 NYS2d 776] —In an action to recover damages for breach of contract, the defendants appeal from (1) an order of

the Supreme Court, Westchester County (Colabella, J.), entered October 13, 1994, which, *inter alia,* granted the plaintiff's motion to amend an amended judgment of the same court (Burchell, J.), entered June 4, 1992, and (2) a second amended judgment of the same court (Colabella, J.), dated October 31, 1994, which is in favor of the plaintiff and against them in the principal sum of $1,193,054.24.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the second amended judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the second amended judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the second amended judgment *(see,* CPLR 5501 [a] [1]).

In *Day Realty Corp. v Hume Publ.* (204 AD2d 278), this Court remitted this matter to the Supreme Court to determine the proper amount owed to the plaintiff pursuant to the escalation clauses of the subject lease. Contrary to the defendants' contention, the Supreme Court did not err in refusing to conduct a new trial to determine the escalation costs since this Court determined on the original appeal that the plaintiff had proven its claim for damages. Accordingly, the Supreme Court properly relied upon the evidence submitted at the original trial to determine the escalation costs. Rosenblatt, J. P., Ritter, Thompson and Santucci, JJ., concur.