■ GUY M. JENNINGS, Appellant, v TANYA M. PIERINI, Individually and as Administratrix of the Estate of PAUL P. PIERINI, Deceased, Respondent. [778 NYS2d 371]—

Appeal from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered December 19, 2002. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion and reinstating the complaint and as modified the order is affirmed without costs.

Memorandum: Supreme Court erred in granting defendant's cross motion seeking summary judgment dismissing the

complaint on the ground that the action is barred by the statute of frauds. It is undisputed that plaintiff and defendant's husband entered into an oral agreement pursuant to which defendant's husband borrowed a sum of money from plaintiff, which he agreed to repay at a rate of $1,000 per month plus interest. Defendant's husband died before the loan was repaid, and defendant continued to make payments at the rate of $1,000 per month plus interest until a dispute arose between the parties with respect to the balance owed to plaintiff. Defendant testified at her deposition that she did not know the amount of money that was loaned but that, based upon information she obtained from her father-in-law, she disputed the balance due on the loan and refused to make further payments to plaintiff. In support of his motion for partial summary judgment on liability and in opposition to defendant's cross motion, plaintiff presented four checks totaling $65,000, issued to and negotiated by defendant's husband.

We agree with defendant that the oral contract between plaintiff and defendant's husband was not, by its terms, to be performed within one year and that the checks issued by defendant's husband to plaintiff do not constitute sufficient evidence of the agreement to remove it from the statute of frauds (*see* General Obligations Law § 5-701 [a] [1]; [b] [1]). We conclude, however, that the court erred in granting defendant's cross motion because "oral agreements that violate the Statute of Frauds are nonetheless enforceable where the party to be charged admits having entered into the contract" (*Matisoff v Dobi,* 90 NY2d 127, 134 [1997]). "The Statute of Frauds was designed to guard against the peril of perjury; to prevent the enforcement of unfounded fraudulent claims. But, . . . '[t]he Statute of Frauds was not enacted to afford persons a means of evading just obligations; nor was it intended to supply a cloak of immunity to hedging litigants lacking integrity; nor was it adopted to enable defendants to interpose the Statute as a bar to a contract fairly, and admittedly, made' " (*Morris Cohon & Co. v Russell,* 23 NY2d 569, 574 [1969]). Here, defendant admits that her husband entered into a contract with plaintiff; the only dispute is with respect to the amount of the loan and the balance owed thereon. We therefore modify the order by denying defendant's cross motion and reinstating the complaint. Present—Hurlbutt, J.P., Scudder, Gorski, Martoche and Hayes, JJ.