RICHARD E. SNYDER, Respondent, v EDGAR M. BRONFMAN, JR., Appellant. [869 NYS2d 493]—

The causes of action for unjust enrichment and quantum meruit are barred by the applicable statute of frauds, General Obligations Law § 5-701 (a) (10). In relevant part, this enactment renders void any oral agreement "to pay compensation for services rendered in . . . negotiating the purchase . . . of any . . . business opportunity." (*Id.*) As is evident, the statute broadly applies to *"any"* business opportunity. The statute expressly defines the term "negotiating" and does so in the fol-

lowing broad terms: " 'Negotiating' includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction." (*Id.*) Thus, the statute's sweep is comprehensive as it covers conduct occurring at the outset, during the course of and at the conclusion of the purchase of a business opportunity. Finally, the statute applies not only to an alleged oral agreement but also "to a contract implied in fact or in law to pay reasonable compensation." (*Id.*)

The unjust enrichment and quantum meruit causes of action fall squarely within the statute's broad and unambiguous prohibition as they seek compensation for plaintiff's role in the acquisition of Warner Music Group. Contrary to plaintiff's contention, *Freedman v Chemical Constr. Corp.* (43 NY2d 260 [1977]) does not limit the scope of the statute to situations in which the plaintiff merely provides limited and transitory services. Nor does the text of the statute provide any basis for principled distinctions to be drawn distinguishing services that are and are not sufficiently limited and transitory to be barred.

*Freedman*, in which the plaintiff's role in the transaction is "limited and transitory" (*id.* at 267), is a paradigmatic case for application of General Obligation Law § 5-701 (a) (10). But the paradigmatic case cannot logically be equated with the essential or exclusive case for the statute's application. Nothing in the broad language of the statute supports such a narrow reading of its scope. Rather, as Chief Judge Breitel stated, "where . . . the intermediary's activity is so evidently that of providing 'know-how' or 'know-who', in bringing about between principals an enterprise of some complexity or an acquisition of a significant interest in an enterprise, the statute is entitled to be read both in accordance with its plain meaning, its evident purpose, and to accomplish the prevention of the mischief for which it was designed" (*id.*). The crux of plaintiff's claim is that he provided "know-how" and "know-who" in connection with the acquisition of Warner Music Group. Accordingly, the quasi-contractual causes of action also are barred.

For the same reason, plaintiff cannot avoid the bar of the statute by alleging that he acted as a principal in the contemplated business opportunity. That is, nothing in the text of the statute suggests that it applies to claims for compensation advanced by all persons other than those who claim to be or can be characterized as principals or partners in the prospective business opportunity. Moreover, as defendant correctly observes, limiting the statute to the claims of nonprincipals or nonpartners would permit its purpose to be frustrated if not circum-

vented by the assertion of a legal conclusion. Finally, the complaint seeks compensation solely for plaintiff's efforts in connection with the acquisition of Warner Music Group. Accordingly, it is of no moment that the complaint alleges that plaintiff performed services in connection with other transactions that were not consummated or that plaintiff alleges he provided services for defendant following the acquisition of Warner Music Group. Concur—Friedman, J.P., Sweeny, McGuire, Renwick and Freedman, JJ. [*See* 19 Misc 3d 1126(A), 2008 NY Slip Op 50859(U).]