■ AT LAST NATURALS, INC., Appellant, v MYONG FEINER et al., Respondents. [925 NYS2d 347]—

In an action, inter alia, to recover in quantum meruit for services rendered, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered October 25, 2010, as amended by an order of the same court entered November 9, 2010, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint.

Ordered that the order, as amended, is affirmed insofar as appealed from, with costs.

The plaintiff alleges that it is owed compensation for services it performed on behalf of the defendants in conjunction with the sale of the defendant company, Private Label Gourmet. However, other than a "thank you" note from the individual defendants to the plaintiff's principals, which was accompanied by a $2,500 check which states in the memo portion thereof that the money was a "gift," there is no writing or memorandum allegedly memorializing the parties' purported "finder's fee" agreement.

Contrary to the plaintiff's contention, the Supreme Court properly dismissed the complaint as barred by the statute of frauds (*see* General Obligations Law § 5-701 [a] [10]). The plaintiff's claim for its alleged services "fall[s] squarely within the statute's broad and unambiguous prohibition" (*Snyder v Bronfman*, 57 AD3d 393, 394 [2008], *affd* 13 NY3d 504 [2009]). Although the statute of frauds would not preclude a claim to recover in quantum meruit where there is "a sufficient memoran-

dum [which] evidence[s] the fact of plaintiff's employment by defendant to render the alleged services" (*Morris Cohon & Co. v Russell*, 23 NY2d 569, 575-576 [1969]), neither the colloquial "thank you" note nor the gift check herein constitutes such sufficient memorandum (*cf. id.*).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Leventhal, Hall and Lott, JJ., concur.