■ LAWRENCE OF LONDON, LTD., Appellant-Respondent, v. COUNT ROMI, LTD., et al., Respondents-Appellants et al., Defendants.— Judgment in this action for an injunction, an accounting and damages for wrongful appropriation of certain styles and patterns for women's raincoats and a customer list, unanimously modified, on the law and on the facts, to the extent of increasing the amount awarded to plaintiff from $4,933.34, plus interest, to the sum of $30,402.78, plus interest, and otherwise affirmed, with $50 costs and disbursements to plaintiff-appellant. It is clear from the record that the amount awarded to plaintiff by the court below was grossly inadequate and that this resulted from the fact that the allowable overhead, as found by the Special Referee, was excessive. In accordance with the measure of damages established in this case by the parties and the court below, the defendants have the burden of showing that the overhead expenses claimed were incurred in the production of the styles unlawfully appropriated. Improperly included in such overhead by the Referee were certain fixed costs and expenses, which admittedly would have been incurred by defendants even if they had not unlawfully appropriated the styles which are the subject of this action (i.e. rent, burglar alarm, Christmas gifts, insurance, supplies, advertising, stationery, equipment, etc.), and certain items of variable expenses (i.e. labels, production, travel, entertaining, etc.). With regard to the latter category of items, the defendants failed to sustain their burden of establishing what, if any, part of such expenses were incurred in connection with the styles wrongfully appropriated by them. They failed to relate the dollar amounts thereof to any of the plaintiff's styles or patterns. The Referee also erred in allowing defendants to deduct as overhead certain designing expenses, construction costs, and items directly related to the disallowed salaries of the officers of the corporation (i.e. payroll taxes and life insurance premiums). Defendants' sales of plaintiff's styles totalled $94,023.71. Their manufacturing profit, as found by the Special Referee, before deduction of allowable overhead, was $36,378.09. Such figure is not disputed upon this appeal. Of the $107,843.01 claimed by defendants as overhead, the Referee disallowed $26,400, thereby reducing the amount of allowable overhead to $81,443.01. In accordance with the views expressed above, we would deduct from the claimed overhead the further sum of $54,525.39. This reduces the allowable overhead to $26,917.62. The Referee reduced the manufacturing profit found by him by 38.61% of the allowable overhead costs. He arrived at such percentage ratio by measuring defendants' sales of plaintiff's 13 styles against defendants' total sales *for the nine month accounting period* ($243,523.18). The nine-month period so used was unrealistic and represented an artificially shortened accounting period. It permitted the inclusion of a disproportionate amount for starting up costs and spring line costs without offset for the sale of products in which plaintiff had no interest and which increased after the nine-month period. It is far more realistic and equitable to utilize the normal 12-month fiscal year as the appropriate accounting period. The ratio of defendants' sales of plaintiff's styles to defendants' total sales for the 12-month period yields a percentage ratio of 22.2%. Taking this percentage of $26,917.62 the result reached is $5,975.71. Deducting said sum from the manufacturing profit the balance is $30,402.38, for which defendants are accountable. With regard to the provisions of the judgment enjoining the defendants from selling to only a very limited number of customers embodied in plaintiff's confidential list of customers, we are of the opinion that there was a failure of proof sufficient to justify equitable relief over and above that granted by the court below. Concur — Botein, P. J., Eager, Capozzoli, McGivern and Rabin, JJ.