■ WEINER & Co. et al., Appellants, v DAVID M. TEITELBAUM et al., Respondents. — Order entered March 7, 1984, Supreme Court, New York County (Irving Kirschenbaum, J.), granting defendants' motion to dismiss the complaint, is unanimously reversed, on the law, and the complaint is reinstated, with costs.

Signed and unsigned writings relating to the same transaction and containing all the essential terms of a contract may be read together to evidence a binding contract (*Crabtree v Arden Sales Corp.*, 305 NY 48). The sole issue presented to us is whether an unsigned, but dated, memorandum agreement plus two subsequent letters referring to that agreement, may be so read together. We find that they may and therefore reverse Special Term's dismissal based upon the Statute of Frauds.

Plaintiffs and the individual defendants were all investors in the limited partnership known as 111 Fourth Avenue Associates. In August of 1980 these parties entered into an agreement concerning the winding up of the partnership and the appropriate division of the assets amongst the partners. On August 7, 1980, a memorandum agreement was drawn up. Payment of $175,000 to the plaintiff group was provided for therein and was thereafter made. Also set out in that agreement was a provision recognizing an interest of the Weiner Group in the Archives Project, with a formula stated for calculating the precise dollar amount of that interest.

By letter dated July 23, 1982, Weiner advised Teitelbaum of his calculations regarding the interest in the Archives Project, enclosing with the letter a copy of the memorandum agreement.

Four days later defendant Beckman wrote back to Weiner regarding the calculations, referring to the memorandum agreement in questioning part of Weiner's letter and concluding that, "Prior to the undertaking to make a comparative analysis of calculations, we must obviously come to a mutual understanding of what we are dealing with."

When the parties were unable to reach such agreement this lawsuit was begun, seeking a constructive trust, an injunction and a declaration of plaintiffs' interest in the Archives Project.

The three writings named above can be read together to satisfy the Statute of Frauds and, indeed, they must if sense is to be found in them. The parties are clearly named, the nature of the property is stated and there is nothing inchoate about the plaintiffs' interest in the Archives Project. Partial performance had been effected with the $175,000 payment. Neither the memorandum nor defendant's letter disputes plaintiffs' property interest; rather, it is clearly acknowledged. This is sufficient. (*Crabtree v Arden Sales Corp., supra; Intercontinental Planning v Daystrom, Inc.,* 24 NY2d 372, 379; *Elias v Serota,* 103 AD2d 410.)

Lastly, we see no bar to the imposition of a constructive trust, as sought in the complaint. The memorandum contract evidences the promise and the fiduciary relationship of the individual defendants to plaintiffs. Plaintiffs transferred their interest in 111 Fourth Avenue Associates in reliance thereon and defendants will be unjustly enriched if not required to render to plaintiffs the percentage interest in the Archives Project. (Cf. *McGrath v Hilding,* 41 NY2d 625.) Concur — Ross, J. P., Carro, Fein, Milonas and Alexander, JJ.