■ BRYLGROVE LIMITED, Appellant, v TOMPKINS, PLC, et al., Respondents.—Appeal from an order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about May 31, 1990, is dismissed as superceded by the appeal from the judgment of June 22, 1990, without costs or disbursements.

Judgment of the Supreme Court, New York County (Beatrice Shainswit, J.), entered on June 22, 1990, which dismissed with prejudice each cause of action in plaintiff's complaint, is unanimously reversed on the law and the complaint reinstated, without costs or disbursements.

This action arises out of an arrangement between plaintiff Brylgrove Limited, a company incorporated in Great Britain and engaged in facilitating international mergers and acquisitions, and defendant Tompkins, PLC, another British-based organization, under which plaintiff would assist Tompkins in expanding into the United States. In that regard, Tompkins allegedly promised to pay plaintiff a finder's fee for its services in locating a suitable American company for acquisition. According to plaintiff, the parties' agreement was reduced to writing in a series of letters and related memoranda that together comprise a complete and enforceable contract. However, the Supreme Court cited the statute of frauds in dismissing with prejudice all of the causes of action in the complaint claiming breach of contract (first cause of action) and, in effect, quantum meruit (third cause of action) and that plaintiff duly performed the terms and conditions of the fee agreement except to the extent that it was prevented from doing so by defendants (second cause). It is plaintiff's contention that it performed its part of the bargain by researching and analyzing potential possibilities for acquisition, then presented these names to Tompkins and, with the latter's approval, even initiated contacts with the companies in which Tompkins expressed approval. Yet, plaintiff contends, when Tompkins took over defendant Murray Ohio Manufacturing Company in 1988, it indicated that Shearson Lehman Hutton, Inc. had suggested the transaction notwithstanding that plaintiff had submitted Murray Ohio as a candidate the previous year.

Defendants' motion to dismiss pursuant to CPLR 3211 (a) (5), (7), (8) and 327 urged that the action could not be maintained because of the statute of frauds, the failure to state a cause of action, the lack of personal jurisdiction over Tompkins and that New York is, in any event, an inconvenient forum. They strongly protested the existence of a fee agreement and also argued that Tompkins has no meaningful contacts, operations or assets in New York and is simply not doing business here. Moreover, defendants stated that since the principal parties, witnesses and events concerned in this dispute are all situated in Great Britain, New York is not a convenient forum for the instant litigation. In fact, defendants describe this action as a "hold-up" in that none of the defen-

dants purportedly agreed to pay plaintiff any fee, and plaintiff had nothing to do with the acquisition. The Supreme Court, resting its decision exclusively on the statute of frauds issue, did not refer to defendants' other claims. While defendants' depiction of this case may, indeed, ultimately be vindicated, it is significant that what is involved herein is merely a motion to dismiss, not one seeking summary judgment. Consequently, consideration must be limited to whether the complaint, liberally construed in favor of the pleader, asserts on its face some recognizable cause of action *(World Wide Adj. Bur. v Gordon Co.,* 111 AD2d 98).

Section 5-701 (a) (10) of the General Obligations Law provides, in part, that a contract to pay compensation for services rendered in negotiating the procurement of a business or business opportunity must be in writing. Plaintiff does not contest that in order to be enforceable, its agreement with defendants must be in writing but correctly points out that the contract in question need not be set forth in a single document. Thus "[s]igned and unsigned writings relating to the same transaction * * * may be read together to evidence a binding contract" *(Weiner & Co. v Teitelbaum,* 107 AD2d 583; *see also, Crabtree v Arden Sales Corp.,* 305 NY 48). Although it is argued that the various letters relied upon by plaintiff do not contain terms having enough specificity as to payment and other matters to constitute a written agreement sufficient to support a breach of contract claim, this cause of action is certainly adequate for pleading purposes. At any rate, the allegation founded in quantum meruit does not, contrary to the conclusion of the Supreme Court, derive from the unwritten finder's agreement, but only applies in the absence of an express contract and entails a legal obligation imposed in order to prevent unjust enrichment *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 388). Thus, the requirement of complying with the statute of frauds in a contract claim would in no way undermine the validity of an otherwise properly pleaded cause of action for quantum meruit. Finally, since the Supreme Court did not reach defendants' arguments relating to jurisdiction, venue and, except insofar as the statute of frauds is concerned, the adequacy of the causes of action, we decline to consider them on appeal *(see, International Sys. v Delcrete Corp.,* 134 AD2d 947). Concur—Sullivan, J. P., Milonas, Rosenberger, Asch and Smith, JJ.