■ JEROME P. DUNLEVY, Respondent, v FREDERICK E. TINSLEY, Appellant, et al., Defendants.—Judgment, Supreme Court, New York County (Irma Vidal Santaella, J.), entered November 30, 1990, which after trial by Special Referee found, *inter alia,* in favor of plaintiff Dunlevy as against defendant Tinsley in the amount of $122,000 exclusive of interest, unanimously affirmed to the extent appealed from, with costs.

Plaintiff commenced this action to recover, *inter alia,* for services rendered to Tinsley over a four-year period, in respect to the racing and breeding stallion, "Policeman", and more particularly in respect to the syndication of "Policeman" whereby 13 of 40 shares were sold for $1,220,000. Defendant moved for summary judgment dismissing the complaint on the grounds that the contract violated the Statute of Frauds (General Obligations Law § 5-701) and for lack of consideration. The court denied the motion and granted summary judgment to plaintiff on liability, finding that plaintiff had submitted sufficient correspondence to meet the statutory requirements *(Weiner & Co. v Teitelbaum,* 107 AD2d 583) and that the evidence demonstrated that there was no intention to render gratuitous services *(Shapiro v Dictaphone Corp.,* 66 AD2d 882, 884).

A trial was thereafter held before a Special Referee on the issue of damages at which Tinsley appeared but did not testify. Plaintiff testified as to the services performed and expert testimony was presented that a finder's fee ranged between 5 and 10% of the amount received in a syndication. The Referee considered the additional services rendered on behalf of Tinsley and applied the higher 10% rate to the actual syndication fees received in respect to "Policeman", recommending that plaintiff recover, *inter alia,* $122,000 from Tinsley. This award was thereafter confirmed and judgment entered.

While the agreement between the parties was not complete, the writings submitted were sufficient to meet the requirements of the Statute of Frauds *(see generally, Ambrose Mar-Elia Co. v Dinstein,* 151 AD2d 416, 418, *lv denied* 74 NY2d

615). Further, as the Referee properly found, the court had not conditioned an award upon proof that the venture was profitable but only found that profits were in consideration of the agreement to pay reasonable compensation. Further, plaintiff presented documentary evidence of funds actually collected and Tinsley failed to counter with proof of costs and expenses, if any *(see, Lawrence of London v Count Romi,* 30 AD2d 518). There was also no showing of conflict of interest sufficient to frustrate the award as Tinsley was aware of plaintiff's representation of another racing and breeding stallion and the damages awarded were based only upon services rendered in respect to Tinsley's horse. The record also supports the finding that plaintiff acted in an individual capacity and thus was the proper party. Finally, the evidence sufficiently supports the finding that the award was in accordance with industry practice. Concur—Murphy, P. J., Carro, Wallach and Asch, JJ.