■ Davis & Mamber, Ltd., Appellant, v Adrienne Vitta-
dini, Inc., et al., Respondents. [622 NYS2d 706] —Order, Supreme
Court, New York County (Myriam J. Altman, J.), entered
August 3, 1993, which granted defendants' motion for sum-
mary judgment and denied plaintiff's cross-motion for dis-
missal of defendants' affirmative defense of the Statute of
Frauds and for sanctions, unanimously modified, on the law,
without costs, to deny defendants' motion for summary judg-
ment insofar as it relates to plaintiff's third cause of action,
and as so modified, affirmed; and judgment of the same court
and Justice, entered August 18, 1993, which dismissed the
complaint with prejudice and assessed costs in the amount of
$450.00 against plaintiff, vacated, plaintiff's third cause of
action reinstated, and the matter remanded for further pro-
ceedings with respect to that cause of action, without costs.

Plaintiff, in the business of brokering licensing agreements
between fashion designers and manufacturers-marketers, ap-
proached defendants with an offer of its services in September,
1985. Plaintiff alleges that defendants orally agreed to pay
plaintiff 15% of royalties brokered by plaintiff, but the parties
never signed a written fee agreement. In a letter dated
October 9, 1985, defendants authorized plaintiff to approach
four manufacturers, including U.S. Shoe Corporation (U.S.
Shoe); and a letter dated November 15, 1985 authorized plain-
tiff to approach three other companies. Plaintiff did approach
U.S. Shoe, and there were three meetings between defendants
and U.S. Shoe in 1985 and 1986, but no agreement was
reached. Three years later, in July, 1989, however, U.S. Shoe,
having dropped another designer line, approached defendants,
and in November, 1989, defendants and U.S. Shoe entered a
licensing agreement, which lasted until March, 1991. Plaintiff
then demanded payment and, on defendants' refusal, brought
this action for breach of contract, for an accounting, and for
recovery in quantum meruit.

The parties never signed a written fee agreement. To satisfy
the Statute of Frauds (General Obligations Law § 5-701 [a]
[10]), a memorandum "must contain expressly or by reason-
able implication all the material terms of the agreement,
including the rate of compensation if there has been agree-
ment on that matter" (Cohon & Co. v Russell, 23 NY2d 569,
575). Here, neither the material terms of any agreement nor,
clearly, a rate of compensation was contained in defendants'
letters to plaintiff. Plaintiff's first count for breach of contract
was properly dismissed. In an action in quantum meruit

however, for the reasonable value of services, "a sufficient memorandum need only evidence the fact of plaintiff's employment by defendant to render the alleged services" *(supra, at 575-576).* The obligation to pay reasonable compensation is then implied *(supra, at 576).* Thus, in *Blye v Colonial Corp.* (102 AD2d 297), where the only writing signed by a defendant reflecting the agreement claimed by plaintiffs was a letter which discussed some bases for commissions as " 'an area for future discussion' " *(supra, at 298)* but which did not express a firm agreement as to the amount of plaintiffs' compensation, this Court concluded that the letter adequately evidenced the fact of plaintiffs' employment to act as finders, and their action in quantum meruit was not precluded *(supra, at 298-300).* The one letter was "buttressed" by a letter from one defendant to another discussing remuneration of plaintiffs *(supra, at 299).* In *Dunlevy v Tinsley* (178 AD2d 373, *lv denied* 79 NY2d 757), where plaintiff had also submitted sufficient correspondence to meet the statutory requirements, this Court noted the further finding of the motion court that the evidence demonstrated that there was no intention to render gratuitous services *(see also, Shapiro v Dictaphone Corp.,* 66 AD2d 882, 884-885). In the instant case, defendants' letter to an entity in the business of brokering licensing agreements, which letter authorized that entity to approach certain manufacturers, could hardly have been an authorization contemplating gratuitous services.

Section 5-701 (a) (10) of the General Obligations Law provides that an agreement of the kind involved here is void "unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith" and that, with certain stated exceptions not relevant here, "[t]his provision shall apply to a contract implied in fact or in law to pay reasonable compensation." Where there was no memorandum in writing at all, the Court of Appeals, interpreting the pre-1964 statute to require the same conclusion as would be required after 1964, held that the absence of such memorandum precluded recovery in quantum meruit *(Minichiello v Royal Bus. Funds Corp.,* 18 NY2d 521, 527, *cert denied* 389 US 820). Similarly, where the only writing set forth terms and conditions different from those in the complaint, plaintiff's action in quantum meruit was dismissed by this Court pursuant to section 5-701 (a) (10) *(Roberts v Champion Intl.,* 52 AD2d 773). In *Klein v Smigel* (44 AD2d 248, *affd* 36 NY2d 809), this Court also found that a letter by defendant requesting a statement by plaintiff that he would assert no claim to a

finder's fee failed to express the terms of any agreement to pay a finder's fee, but rather negated the expression of such intention; the action in quantum meruit was thus precluded pursuant to section 5-701 (a) (10) and summary judgment dismissing it was ordered. Whatever questions of fact may be raised in the instant case, there is a letter signed by defendants, in circumstances not likely to involve the gratuitous rendition of services by plaintiff, authorizing plaintiff to approach U.S. Shoe and other manufacturers. The foregoing three cases lacked such a memorandum and are not controlling. In this third cause of action in quantum meruit for the reasonable value of its services, defendants' letter evidenced the fact of plaintiff's employment to render the alleged services, and the obligation of defendants to pay reasonable compensation is implied *(see, Cohon & Co. v Russell, supra,* at 575-576). Concur—Ellerin, J. P., Rubin, Nardelli and Williams, JJ.