■ WILLIAM CHEFALAS, Appellant-Respondent, v TAYLOR CLARK ARCHITECTS, INC., Respondent-Appellant. [724 NYS2d 153] —Order, Supreme Court, New York County (Jane Solomon, J.), entered June 20, 2000, which, to the extent appealed and cross-appealed from, granted defendant's motion to dismiss plaintiff's contract claim for payment of commissions as barred by the Statute of Frauds, denied that part of defendant's motion which sought to dismiss plaintiff's age discrimination claim as time-barred, and denied defendant's motion insofar as it sought summary judgment dismissing plaintiff's third cause of action for age discrimination, unanimously affirmed, without costs.

Plaintiff, in seeking a commission for business allegedly obtained by him for his then employer, defendant architectural firm, relies on the "Equal Opportunity Employer" provision from defendant's employee handbook and personnel manual, which purports to promise all employees "equal opportunity and equal consideration" in personnel actions, including payment of "other compensation and benefits." However, the cited provision does not set forth all the material terms of the alleged agreement obligating defendant to pay a commission and, accordingly, is insufficient to overcome the Statute of Frauds (see, General Obligations Law § 5-701 [a] [10]; *Davis & Mamber v Adrienne Vittadini, Inc.*, 212 AD2d 424; cf., *Morris Cohon & Co. v Russell*, 23 NY2d 569, 574). Contrary to plaintiff's contention, the relied upon provision cannot reasonably be construed as a promise to pay a client procurement commission merely because such a commission was once paid by defendant; there is no indication that the obligation for payment of that commission arose from the cited provision.

Defendant's contention that plaintiff's claims pursuant to the Age Discrimination in Employment Act (ADEA) are barred because his underlying Equal Employment Opportunity Commission (EEOC) charge was not timely filed, is without merit, plaintiff having properly filed his EEOC charge within 300 days after the alleged discriminatory action, i.e., his discharge (see, 29 USC § 626 [d] [2]; § 633 [b]; *Miller v International Tel. & Tel. Corp.*, 755 F2d 20, 23, cert denied 474 US 851). Although plaintiff asserted in connection with his EEOC charge that defendant repeatedly reassigned or terminated his staff, events which the record indicates occurred before the 300-day limitation period, plaintiff's cause of action for age discrimination arose from the injury he suffered when defendant subsequently

discharged him; defendant's prior conduct is mentioned in the EEOC filing only for its relevance with respect to defendant's motive in terminating plaintiff.

Plaintiff's age discrimination claim, brought under both the State Human Rights Law and the ADEA, and subject to the burden-shifting framework established in *McDonnell Douglas Corp. v Green* (411 US 792, 802-804) and *Texas Dept. of Community Affairs v Burdine* (450 US 248, 252-253; *see, Abdu-Brisson v Delta Air Lines*, 239 F3d 456, 466; *see also, Reeves v Sanderson Plumbing Prods.*, 530 US 133), is supported by evidence adequately setting forth a prima facie case of age discrimination, and while defendant, in response to plaintiff's prima facie showing, produced evidence that plaintiff was rejected for a legitimate, nondiscriminatory reason (*see, Burdine*, 450 US, *supra*, at 254), plaintiff's evidence was sufficient to raise an issue of fact as to whether the justification offered by defendant for plaintiff's discharge was a mere pretext to conceal an improper, discriminatory motive (*see, Reeves*, 530 US, *supra*, at 143). Resolution of this issue must await trial.

We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Nardelli, Tom, Wallach and Saxe, JJ.