■ OPPENHEIMER & Co., INC., Respondent, v NORTHSTAR AGRI INDUSTRIES, LLC, Appellant, et al., Defendant. [963 NYS2d 117]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered January 7, 2013, which, to the extent appealed from as limited by the briefs, denied defendant-appellant Northstar

Agri Industries, LLC's (Northstar) motion to dismiss plaintiff Oppenheimer & Co., Inc.'s (Oppenheimer) unjust enrichment claim pursuant to CPLR 3211, unanimously affirmed, without costs.

Oppenheimer seeks to recover a finder's fee for having introduced Northstar to an investment firm, PICO Holdings, Inc. (PICO), which ultimately invested in Northstar's canola processing facility. Northstar contends that the claim is barred by the statute of frauds (see General Obligations Law § 5-701 [a] [10]).

The only agreement in the record to which Northstar had subscribed is the confidentiality & nondisclosure agreement (NDA), which it executed with Oppenheimer. The stated "Purpose" of the NDA was to "facilitate ongoing business dealings between [Northstar] and Oppenheimer associated with the development of a Canola Processing facility in Northwest Minnesota." The agreement required that the parties keep "all information disclosed by one party to the other in any manner related to the Purpose" confidential. Such terms, "by reasonable implication," evince Northstar's employment of Oppenheimer to perform services related to the canola processing facility. Thus, Northstar's obligation to provide reasonable compensation for the alleged services is implied (see Morris Cohon & Co. v Russell, 23 NY2d 569, 575-576 [1969]; Davis & Mamber v Adrienne Vittadini, Inc., 212 AD2d 424 [1st Dept 1995]).

We note that, in addition to the NDA, the parties submitted an unsigned finder's fee agreement that Oppenheimer had sent Northstar and accompanying emails referencing a prior "verbal agreement," as well as Northstar's pleadings and its CEO's deposition testimony in related actions in North Dakota state court and New York federal court admitting that it had engaged Oppenheimer for its services, that it signed the NDA, and that Oppenheimer had introduced Northstar to PICO. The pleadings and testimony also acknowledge Northstar's understanding and expectation that Oppenheimer would be compensated for its services pursuant to industry practice.

Northstar's contention that it owes no finder's fee because the transaction it ultimately entered into with PICO was not the one initially contemplated by parties is unavailing. The transaction still involves development of the canola processing facility, and "the change in the 'set-up' for the final transaction would not alone preclude recovery of a commission" (Simon v Electrospace Corp., 28 NY2d 136, 141 [1971]). Its contention that the NDA had terminated in April 2010, before the December 2010 Northstar/PICO transaction, was not properly

raised before the motion court (*see Azzopardi v American Blower Corp.*, 192 AD2d 453, 454 [1st Dept 1993]) and, in any event, is unavailing. Concur—Mazzarelli, J.P., DeGrasse, Abdus-Salaam, Manzanet-Daniels and Clark, JJ.