Sassoon v CDx Diagnostics, Inc. (2019 NY Slip Op 04112)





Sassoon v CDx Diagnostics, Inc.


2019 NY Slip Op 04112


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Sweeny, J.P., Richter, Kapnick, Oing, Singh, JJ.


653111/17 -9449 9448 9447

[*1]Ian Sassoon, Plaintiff-Respondent-Appellant,
v
CDx Diagnostics, Inc., et al., Defendants-Appellants-Respondents.


Polsinelli PC, New York (Frank T. Spano of counsel), for appellants-respondents.
Wachtel Missry LLP, New York (John H. Reichman of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about March 13, 2018, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the unjust enrichment, fraud, promissory estoppel, and tortious interference with contract claims, unanimously modified, on the law, to grant the motion as to the fraud and tortious interference claims, and otherwise affirmed, without costs. Orders, same court and Justice, entered on or about November 15, 2018, which, to the extent appealed from, upon reargument, granted plaintiffs' motion to reinstate the quantum meruit claim and, upon renewal, granted the defendant's motion to dismiss the breach of contract claim, unanimously affirmed.
The written agreement between plaintiff and defendant CDx Diagnostics, Inc. provides that plaintiff will receive a fee if "an M & A transaction is concluded with any Referred Investor." "M & A" is defined as "a Merger or Acquisition transaction for the Company [CDx] in which a majority of our equity would be sold." Contrary to plaintiff's contention, "[A]n asset sale and an equity sale are two very different transactions with two entirely different consequences" (Abundance Partners LP v Quamtel, Inc., 840 F Supp 2d 758, 771 [SD NY 2012]). The first amended complaint recognizes the distinction in alleging, in paragraph 34, that "Rutenberg and CDx arranged a deal with Galen such that CDx's equity would not be sold and instead CDx's assets would be sold." The Stock Asset and Purchase Agreement (APA) also recognizes the distinction in providing in article 1.01(b) that CDx's capital stock is an "Excluded Asset[]" from the transaction, i.e., "shall remain [an] asset[] of [CDx] after the Closing." As the final transaction was not restructured as a sale of the majority of CDx's equity, plaintiff is not entitled to a fee under the written agreement, and the breach of contract claim was correctly dismissed.
The agreement notwithstanding, the quasi contract claims were correctly sustained because plaintiff alleges that he performed services outside the scope of the agreement (see Ashwood Capital, Inc. v OTG Mgt., Inc. 99 AD3d 1, 10 [1st Dept 2012]). The complaint alleges that plaintiff "worked diligently to get the two parties to a point where they could reach a final agreement" and that "[d]efendants had plaintiff work on the project for close to a year," and is supplemented by emails in which defendants promise, inter alia, "to do what we can to fairly compensate you for your services" cf Citibank N.A. v Soccer for a Cause, LLC, 169 AD3d 401 ([1st Dept. 2019]). In view of this documentary evidence, defendants' Statute of Frauds argument fails. The emails exchanged between the parties establish that plaintiff was performing services for defendants; "[t]he obligation to provide reasonable compensation is then implied" (Davis & Mamber v Adrienne Vittadini, Inc., 212 AD2d 424, 424-425 [1st Dept 1995]).
The fraud claim must be dismissed as duplicative of the breach of contract claim. The allegation that defendants "structured their business arrangement, either deliberately or incidentally, in a manner they now claim permits them to seek to avoid paying plaintiff his fees," is based on the same facts as underlie the contract claim and is not collateral to the contract, and [*2]the claim alleges no damages that would not be recoverable as contract damages (J.E. Morgan Knitting Mills v Reeves Bros., 243 AD2d 422, 423 [1st Dept 1997]; see e.g. Orix Credit Alliance v Hable Co., 256 AD2d 114, 115-116 [1st Dept 1998]).
The tortious interference with contract claim fails in the absence of a breached contract (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK