| |
|---|
| **Cooper v Arbor Realty Trust, Inc.** |
| 2024 NY Slip Op 33483(U) |
| September 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651611/2023 |
| Judge: Louis L. Nock |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LOUIS L. NOCK**         PART        **38M**

*Justice*

-------------------------------------------------------------------------------X

ADAM COOPER,

               Plaintiff,

           - v -

ARBOR REALTY TRUST, INC., and MAURICE KAUFMAN,

            Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651611/2023 |
| **MOTION DATE** | 08/11/2023, 08/11/2023 |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 20, 21, 22, 23, 24, 25, 32, 33, 35, 36, 37, 41, and 43

were read on this motion by the individual defendant to         DISMISS THE COMPLAINT       .

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 9, 10, 11, 12, 13, 34, 38, 39, 40, and 42

were read on this motion by the corporate defendant to         DISMISS THE COMPLAINT       .

LOUIS L. NOCK, J.S.C.

Upon the foregoing documents, defendants' motions to dismiss the complaint are granted for the reasons set forth in the moving and reply papers (NYSCEF Doc. Nos. 10, 12, 21, 23, 25, 42-43) and the exhibits attached thereto, in which the court concurs, as summarized herein.

Plaintiff alleges that he entered into an agreement pursuant to which defendants would pay him a finder's fee for introducing nonparty Moshe Wechsler ("Wechsler") to defendants, leading to several deals between Wechsler and Arbor Realty Trust, Inc. ("Arbor"), which plaintiff asserts should have resulted in fees paid to him. Defendants assert that any such agreement is barred by the statute of frauds or by Real Property Law § 442-d, and that the complaint otherwise fails to state a cause of action.

**651611/2023   COOPER, ADAM vs. ARBOR REALTY TRUST, INC. ET AL**
**Motion No.  001 002**

**Page 1 of 4**

[* 1]

"Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking: 1. By its terms is not to be performed within one year from the making thereof" or "10. Is a contract to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing of any real estate or interest therein" (General Obligations Law §§ 5-701 [a] [1], [10]). Plaintiff admits in the complaint that the alleged finder's fee agreement was never reduced to writing, and that he does not know if Arbor was even aware of Maurice Kaufman's discussions with him (complaint, NYSCEF Doc. No. 1, ¶ 42; memorandum of law in opposition, NYSCEF Doc. No. 40 at 18 n 15).  Instead, he points to a series of text messages between himself and defendant Kaufman that he claims are sufficient to satisfy the statute of frauds (complaint, NYSCEF Doc. No. 1, ¶¶ 43, 51; NYSCEF Doc. No. 36).  However, in order to satisfy the statute of frauds, a memorandum must contain all of the necessary terms of the deal, including but not limited to the rate of compensation (*Davis & Mamber, Ltd. v Adrienne Vittadini, Inc.*, 212 AD2d 424, 424 [1st Dept 1995], *citing Morris Cohon & Co. v Russell,* 23 NY2d 569, 575 [1969]).

The text messages referenced by plaintiff show that the parties were not in agreement on the rate of compensation or the circumstances under which plaintiff would be entitled to a finder's fee, nor do the text messages establish which of the defendants were meant to be responsible for the finder's fee.  Plaintiff's reference to his partial performance is also unavailing.  The partial performance exception to the statute of frauds is codified in General Obligations Law § 5-703, and allows courts "to compel the specific performance of agreements in cases of part performance" for conveyances and contracts involving real property, and does not extend to contracts governed by General Obligations Law § 5-701 (*Gural v Drasner*, 114

**651611/2023   COOPER, ADAM vs. ARBOR REALTY TRUST, INC. ET AL**                            **Page 2 of 4**
**Motion No.  001 002**

AD3d 25, 32 [1st Dept 2013] ["the law simply does not provide for or permit a part performance exception for oral contracts other than those to which General Obligations Law § 5-703 applies"]).

As the first cause of action for breach of contract is barred by the statute of frauds, the second cause of action for unjust enrichment must also be dismissed (Patrick Capital Markets, LLC v Rabina Properties, LLC, 225 AD3d 525, 526 [1st Dept 2024] ["Plaintiff's repackaging of its breach of contract claims under quasi-contractual theories does not overcome the statute of frauds"]). The final cause of action seeks a declaration that defendants are "required to remit payment of a Finder's Fee on all Agency Loans consummated between Emerald and Arbor, irrespective of whether a mortgage broker is involved" (complaint, NYSCEF Doc. No. 1 at 19-20). As the contract is barred by the statute of frauds, plaintiff is not entitled to such a declaration.

Accordingly, it is hereby

ORDERED that defendants' motions to dismiss the complaint are granted; and it is further

ADJUDGED and DECLARED that defendants are not required to remit payment of a Finder's Fee on all Agency Loans consummated between Emerald and Arbor, irrespective of whether a mortgage broker is involved; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of defendants dismissing the action.

**651611/2023   COOPER, ADAM vs. ARBOR REALTY TRUST, INC. ET AL**
**Motion No.  001 002**

**Page 3 of 4**

3 of 4

[* 3]

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

| 9/30/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LOUIS L. NOCK, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**651611/2023   COOPER, ADAM vs. ARBOR REALTY TRUST, INC. ET AL**
**Motion No.  001 002**

**Page 4 of 4**

4 of 4